IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.   ) | No.  08-10042-01-WEB |
| ) | |
| DAVID E. BURKHOLDER, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## Memorandum and Order

This matter came before the court on December 4 and 5, 2008, for a hearing on the defendant's objection to the Presentence Report and the Government's Notice of Breach of Plea Agreement, and for sentencing. The ruled orally on these matters at the sentencing hearing. This written memorandum will supplement the court's oral ruling.

I. *Alleged Breach of Plea Agreement*.

The Government contends the defendant breached the terms of the plea agreement by failing to disclose or to explain what happened to the money he obtained from the victims in this case. Because of the alleged breach, the Government argued it was entitled to withdraw its recommendations that the amount of the loss be limited to $548,000 and that the defendant receive the low-end of the guideline range.[1] The defendant initially challenged the alleged breach, arguing he had satisfied the disclosure obligation by providing a financial statement to

---

[1] The Government also initially argued it was entitled to withdraw its recommendation for an additional 1-level reduction for acceptance of responsibility under USSG § 3E1.1(b). The Government conceded during oral arguments, however, that the defendant was entitled to this reduction because he had timely notified the Government of his intent to plead guilty.

the Government. The defendant eventually conceded that the Government's proffer about his lack of disclosure was correct, however, and in the course of the sentencing hearing he admitted that he had in fact breached the agreement relating to disclosure.

Paragraph 6 of the parties' plea agreement provided in part that the defendant "agrees to disclose to law enforcement the existence and status of all monies ... derived from ... the crimes charged." Doc. 19, ¶ 6. The court finds that the defendant breached this provision by failing to provide the Government with full disclosure concerning the status of the money he obtained by fraud. The Government made numerous unsuccessful attempts to get the defendant to comply with his obligation, but it met with resistance at every turn. It is apparent that when the defendant finally agreed to meet with the FBI following the December 4th hearing, he made only reluctant and bare-bones disclosures. As the Government noted, with the information it had it was able to trace only a small part of the $1.3 million obtained by the defendant from the victims.

In light of the defendant's breach of the agreement, the court finds the Government is entitled to withdraw its sentencing recommendations limiting the amount of the loss and for the low-end of the guideline range. *See* Doc. 19, ¶ 6 ("If the defendant fails to comply with this provision the United States is relieved of its obligation to recommend ... any other sentencing recommendations contained in this agreement.").

2. *Defendant's Objection*.

The defendant objects to the PSR's finding that the total loss from the offense conduct, taking into account all relevant conduct, was $1,323,611.60. Based upon the victim statements provided to probation, the Government's proffer, and the defendant's admissions at sentencing,

the court finds that the PSR correctly found the loss in this case to be approximately $1.3 million. The PSR also correctly calculated the total offense level (22) and the advisory guideline range (41-51 months).

      3. *Application of Section 3553(a)*.

After considering the factors in Section 3553(a), the court concludes that a sentence of 46 months imprisonment, together with the other terms and conditions imposed at the sentencing hearing, is appropriate in this case. This sentence will reflect the seriousness of the offense and promote respect for the law. A significant imprisonment sentence is required in this case to deter others from committing such offenses and to protect the public from further crimes of the defendant. The court has considered the advisory guideline range as well, and concludes that a sentence of 46 months, in the middle of the range, provides an appropriate sentence given the defendant's extensive and calculated pattern of fraudulent activity.[2] The defendant's request for probation is untenable given the scope and nature of the fraud and the harm to the victims of the offense.

*Conclusion*.

The court finds that the defendant breached the plea agreement and that the Government is accordingly entitled to withdraw the sentencing recommendations set forth in the agreement. The defendant's objection to the Presentence Report is DENIED.

The Probation Officer in charge of this case shall see that a copy of this order is

---

[2] The court inadvertently referred to this as the "low end" of the range at the sentencing hearing, although the range was eventually determined to be 41-51 months. The court notes that in light of the nature of the fraud in this case, the court would have found this same 46 months sentence appropriate regardless of whether the Government had decided to make the sentencing recommendations provided for in the plea agreement.

appended to any copy of the Presentence Report made available to the Bureau of Prisons.   IT IS SO ORDERED this   9th   Day of December, 2008, at Wichita, Ks.

                                                s/Wesley E. Brown
                                                Wesley E. Brown
                                                U.S. Senior District Judge